{¶ 71} I respectfully dissent as to the admissibility of the evidence pertaining to the past sexual relations of the victim with appellant. The majority completely disregards the Supreme Court of Ohio's precedent in this matter. State v. Williams (1986), *Page 21 21 Ohio St.3d 33. In Williams, the Supreme Court of Ohio outlined the intent and purpose behind rape shield legislation:
 {¶ 72} "`(* * *) * * * [B]y guarding the complainant's sexual privacy and protecting her from undue harassment, the law discourages the tendency in rape cases to try the victim rather than the defendant. In line with this, the law may encourage the reporting of rape, thus aiding crime prevention. Finally, by excluding evidence that is unduly inflammatory and prejudicial, while being only marginally probative, the statute is intended to aid in the truth-finding process.'" Id. at 34, quotingGardner, supra, at 17-18.
 {¶ 73} The rape shield law in Ohio, R.C. 2807.02(D), essentially prohibits the introduction of any extrinsic evidence pertaining to the victim's sexual activity. The exceptions to this prohibition are evidence of the origin of semen, pregnancy, or disease, or of the victim's past sexual activity with the offender. It reads, in pertinent part:
 {¶ 74} "Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."
 {¶ 75} The trial court in this case found that the evidence at issue was clearly inadmissible under the rape shield statute. Appellant also claims, and the majority *Page 22 
ignores, that the application of the rape shield law in this case violates his Sixth Amendment right to confront witnesses against him pursuant to Williams.
 {¶ 76} Appellant was convicted of rape pursuant to R.C. 2907.02(A)(2) which states that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 77} The rape shield statute's exceptions include past sexual conduct with the offender. The rape shield statute was not intended to prohibit a defendant from presenting evidence of past sexual conduct with the victim, if the evidence is directly material to a fact at issue in the case. In this case, the issue of consent and force are elements of the offense. The defendant is disputing these elements with evidence of a prior course of sexual conduct between the couple in a long-standing, monogamous relationship.
 {¶ 78} Although dealing with the provisions of the rape shield statute as a credibility issue under Evid. R. 608, the majority never addresses the constitutional issue of the right to confrontation.
 {¶ 79} The Sixth Amendment to the United States Constitution reads:
 {¶ 80} "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." *Page 23 
 {¶ 81} In Gardner and Williams, the Ohio Supreme Court adopted a balancing test, following Davis v. Alaska (1974), 415 U.S. 308. As theGardner court put it: "[i]n determining whether R.C. 2907.02(D) was unconstitutionally applied in this instance, we must thus balance the state interest which the statute is designed to protect against the probative value of the excluded evidence." Gardner at 17.
 {¶ 82} In both Gardener and Williams the evidence concerned prior sexual conduct not with the defendant, and was specifically excluded by the statute. Even so, the Ohio Supreme Court acknowledged that in some circumstances evidence which the rape shield law would render inadmissible would, nevertheless, be admitted in furtherance of the defendant's constitutional rights.
 {¶ 83} In Davis at 319-321, the U.S. Supreme Court held that a state shield law protecting the confidentiality of juvenile records was unconstitutional as applied therein. The Court concluded that the right of confrontation is paramount to the state's policy of protecting a juvenile offender. "Whatever temporary embarrassment might result to [the witness] or his family by disclosure of his juvenile record * * * is outweighed by petitioner's right to probe into the influence of possible bias in the testimony of a crucial identification witness." Id. at 319.
 {¶ 84} The Ohio Supreme Court adopted this position inWilliams, and the majority in this case conveniently ignores this analysis. Cf. Williams at 36-37.
 {¶ 85} The contested issue in this case is consent and force, which directly relates to elements of the crime of rape. The victim testified on direct examination as to the brutality of the sexual conduct, as well as her lack of consent to that behavior. The testimony proffered by appellant directly refutes this contention. As in Davis and *Page 24 Williams, this evidence is submitted for more than mere impeachment of a witness's credibility. The victim's credibility is indeed being impeached; however, the proffered evidence has a more important purpose, which is to negate the implied establishment of an element of the crime charged. For this reason, the probative value of the testimony outweighs any interest the state has in exclusion.
 {¶ 86} For these reasons, I respectfully dissent. *Page 1